UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4559

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON JAMAINE DODD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:17-cr-01161-BHH-1)

Submitted: March 21, 2022                    Decided:  April 27, 2022

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Scarlet B. Moore, Greenville, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Jamaine Dodd appeals his conviction and 120-month sentence imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning whether Dodd's guilty plea was knowing and voluntary and whether his sentence was reasonable. In a supplemental brief, counsel also questions the validity of Dodd's conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We affirm the district court's judgment.

First, our review of the record, including the transcript of Dodd's guilty plea hearing, discloses that the district court fully complied with the requirements of Fed. R. Crim. P. 11. The court ensured that Dodd was fully competent to plead guilty, that he knowingly and voluntarily pled guilty to the offense, and the plea was supported by a sufficient factual basis.

Turning to Dodd's challenge to his conviction in light of *Rehaif*, we review this claim for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). "In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021). To succeed on a *Rehaif* claim on plain error review, a defendant must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon," and then "the court must determine whether the defendant has carried the burden of showing a reasonable probability that the outcome of

the district court proceeding would have been different." *Id.* at 2100 (internal quotation marks omitted). This is a high hurdle to meet because "[f]elony status is simply not the kind of thing that one forgets" and "[a] defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty." *Id.* at 2097.

Here, Dodd had served over four years in prison on a prior drug conviction. And, he admitted at his sentencing hearing that he knew he was not allowed to possess a firearm. Accordingly, we find that Dodd cannot establish plain error with respect to this claim.

Finally, counsel questions the reasonableness of Dodd's sentence. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing

3

that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

Here, the district court correctly calculated Dodd's advisory Guidelines range, heard argument from counsel, provided Dodd an opportunity to allocute, and considered the § 3553(a) sentencing factors, and thoroughly explained its reasons for imposing the sentence. We find that the court did not commit any procedural error. In addition, Dodd has failed to rebut the presumption of reasonableness accorded his within-Guidelines-range sentence. Therefore, Dodd's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dodd, in writing, of the right to petition the Supreme Court of the United States for further review. If Dodd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dodd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*